DEACON *v.* JAERLING.

PHYSICIANS AND SURGEONS—CHIROPRACTORS—MALPACTICE—EVIDENCE.

In nonjury action against chiropractor for alleged malpractice upon plaintiff's husband which resulted in his death or brought it about prematurely, finding of trial court that plaintiff had failed to sustain her burden of proof by a preponderance of the evidence, especially with reference to hospitalization of decedent, *held,* sustained by evidence.

Appeal from Wayne; Chenot (James E.), J. Submitted January 6, 1944. (Docket No. 48, Calendar No. 42,457.) Decided April 3, 1944.

Case by Elizabeth L. Deacon, administratrix of the estate of Bruce W. Deacon, deceased, against John P. Jaerling for damages resulting from alleged malpractice. Judgment for defendant. Plaintiff appeals. Affirmed.

*O'Brien & Nertney* and *Morris Marks* (*Daniel P. O'Brien,* of counsel), for plaintiff.

*William B. Giles,* for defendant.

NORTH, C. J.    Defendant in this case is a licensed chiropractor. In August, 1940, plaintiff's decedent, who was plaintiff's husband, went to defendant's office and was there professionally treated. Subsequent treatments followed at defendant's office until October 2d, and thereafter defendant continued to treat plaintiff's decedent at the latter's home until October 22, 1940. On October 23d Dr. Carlson, an M. D., "took the case over," and thereupon plaintiff's decedent was removed to a hospital where he received medical care and where his death occurred on the 9th day of December, 1940. Defendant diagnosed decedent's ailment as cirrhosis of the liver and nephritis, accompanied by "swollen ankles, a labored heart, shortness of breath, high blood pressure, nausea, headaches and ascites." A post mortem disclosed, as stated in appellant's brief: "an early cardiac type of cirrhosis of the liver. And the immediate cause of death was given as 'myocardial hypertrophy with right auricular mural thrombosis.' The nephritis was secondary to the cirrhosis as the cause of heart failure and the esophageal hemorrhage."

Plaintiff's declaration in substance is on the theory that defendant improperly treated her decedent for the ailments with which he was afflicted and

that defendant undertook to treat decedent in a manner other than is lawful for a chiropractor, *i. e.,* medically; and in so doing defendant caused plaintiff's decedent to suffer pain, and that defendant aggravated decedent's illness, injured his internal organs which resulted in his death or brought about his premature death, and that defendant's wrongful conduct disabled plaintiff's decedent from continuing his regular occupation and earning a compensation of about $100 per week, and that defendant wrongfully subjected decedent to great expense for hospital, medical, nurses' care, et cetera; and further that by his wrongful conduct defendant deprived plaintiff of the portion of decedent's earnings which she otherwise would have had for her maintenance.

The case was heard by the circuit judge without a jury. There is irreconcilable conflict between the testimony offered in behalf of plaintiff and that offered in behalf of defendant. In brief there is testimony offered in behalf of plaintiff given by Dr. Curtis tending to sustain plaintiff's contention that defendant in treating plaintiff's decedent was guilty of such negligence or misconduct as would entitle plaintiff to recover damages; but on the other hand there is testimony of one of plaintiff's witnesses, Dr. Carlson, who was a doctor of medicine and who attended plaintiff's decedent during the latter part of his illness and was present at the post mortem, that nothing was done by defendant in the course of his treatment of plaintiff's decedent that was detrimental to the welfare of the decedent or in consequence of which it could be said defendant failed in the performance of his professional duty. The opinion of the circuit judge rendered incident to his decision of the case discloses that he carefully

weighed the testimony and came to the conclusion after so doing that the plaintiff had not sustained the burden of proof which was essential to her right of recovery. Incident to a motion for a new trial a second opinion was rendered by the circuit judge, and here again it is disclosed that he carefully considered the whole record in arriving at his conclusion that plaintiff had not established a right to recover. In this latter opinion the trial judge covered plaintiff's contention that defendant failed in his duty to recommend that plaintiff's decedent be removed to a hospital, especially after it became apparent defendant could not successfully treat decedent. It was the contention of plaintiff that defendant did not make such a recommendation, but on the other hand defendant asserted that he had urged the removal of decedent to a hospital, but that plaintiff and her husband did not timely follow defendant's recommendation. As bearing upon this issue the trial judge in his opinion denying the motion for a new trial notes the following: "It stands out in my memory now that Mrs. Deacon denied emphatically that the defendant Jaerling had ever suggested to the deceased that he ought to be hospitalized; she denied that, she said he never did; and it was a rather astounding piece of testimony that came from Dr. Carlson that both Mrs. Deacon and her deceased husband had told him that they were sorry they did not come into the hospital before as Dr. Jaerling had advised them to do." So on this issue, after carefully considering the testimony, the trial judge held, and properly so, that plaintiff had not sustained her contention.

Our review of this record as a whole satisfied us that the trial judge, sitting without a jury, carefully considered the testimony and arrived at the right re-

sult. Plaintiff did not establish the essential elements of her case by a preponderance of the testimony. The judgment entered in favor of defendant is affirmed, with costs to appellee.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.